Johnson, J.
delivered the opinion of the Court.
The Court concurs with the presiding Judge, for the reasons he has given on all the questions he has discussed. But it has been suggested here, and, perhaps, for the first time, that under the provisions of the statute, to bar the wife of her dower, she must stand convict of the adultery, and that proof of the fact could not be given in evidence in a suit at law for dower.
Thisj it will be recollected, is an English statute, made of force in this State. In that country the spiritual Courts have exclusive jurisdiction of questions of adultery; andl am not prepared to say, nor is it necessary to the investigation of the question now made, that nothing short of a conviction of the wife for the offence could have been pleaded in bar to her right of dower. But we have no ecclesiastical Court here, nor any other tribunal possessing immediate jurisdiction over the subject; and unless the Courts of Law can try the fact when, as in this case, it arises collaterally, it never can be tried. Now when the Legislature incorporated this statute into our laws, it was certainly intended to give it some effect, and if, as this argument supposes, the Courts of Law are incompetent to try it, this intention w'ould be defeati d. Of necessity, therefore, it must be tried in this way.
Motion refused.